849 F.2d 607
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. BERGMAN, Jr., Defendant-Appellant.
 No. 87-7077.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1988.
Decided: June 10, 1988.
 
 Robert E. Bergman, Jr., appellant pro se.
 Samuel Thomas Currin (Office of the United States Attorney), for appellee.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Bergman appeals the judgment of the district court denying his motion for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255. In his motion Bergman contends that the Government has violated his plea agreement. Bergman pleaded guilty in 1983 to two controlled substances counts and was sentenced to two consecutive five-year terms of imprisonment. The district court recommended that the Attorney General designate the South Carolina Prison System for service of the federal sentence in order for the federal sentence to run concurrent to a state sentence that Bergman was then serving. This was done. As a result of an earlier Sec. 2255 motion challenging this plea agreement the district court modified Bergman's federal sentence to credit him for 15 months and 18 days spent in state custody.
 
 
 2
 In the instant Sec. 2255 motion Bergman contends that his understanding of the plea agreement was that when his state sentence was completed he would be released from all custody. At the time that this Sec. 2255 motion was filed Bergman was scheduled to be released from South Carolina custody in April 1987, and had a federal presumptive parole date in November 1987.
 
 
 3
 The district court summarily dismissed the motion. The court concluded that Bergman had, in the previous Sec. 2255 proceeding, received all of the relief to which he previously contended he was entitled. We agree.
 
 
 4
 To the extent that Bergman seeks release on federal parole, the claim is moot because Bergman was paroled on November 20, 1987. To the extent that Bergman seeks to set aside his federal sentence entirely we affirm the dismissal of the claim on the reasoning of the district court. United States v. Bergman, C/A No. 87-20-7; CR No. 83-18-1 (E.D.N.C. Feb. 20, 1987).
 
 
 5
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED.